FILED
CLERK, U.S. DISTRICT COURT

JUL 7 2006

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Priority ✓
Send ✓
Enter ____
Closed ____
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only ____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCATEL INTERNETWORKING, INC., | Case No: CV 03-9449 ER |
| | CV 05-6459 ER |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR RELIEF FROM AND TO VACATE AND/OR RECONSIDER JURISDICTIONAL ORDER |
| RATES TECHNOLOGY INC., et al., | |
| Defendants. | |
| AND CONSOLIDATED ACTION | |

   Rates Technology Inc. ("RTI") and Gerald Weinberger (the "Movants") again have moved the Court for relief from and to vacate and/or to reconsider the Court's February 1, 2005, order (the "Order"), which held that Movants were subject to personal jurisdiction in California. The Court concludes that this matter is appropriate for disposition without oral argument of counsel. See Local Rule 7-15.

   The movants make three arguments in support of their requested relief, although their third argument is really an extension of the first. As the Court

318

1   already has observed, Movants' arguments are "heavy on irrelevant or improperly

2   applied law . . . and light on relevant law properly applied to the applicable facts."

3   The Court again DENIES the motion.

4          Movants argue that "it has long been a common judicial practice to vacate

5   prior orders in a case upon a party's request after a settlement has been entered,

6   since the parties' 'settlement moots the controversy.'"  Motion to Vacate and/or

7   Reconsider Jurisdictional Orders ("Motion to Vacate") p.4.  In support of their

8   contention that such an action has "long been a common judicial practice" and is

9   procedurally and substantively correct, Movants cite <u>one</u> case from the Second

10  Circuit, <u>Nestle Co. v. Chester's Market, Inc.</u>, 756 F.2d 280, 283 (2d Cir. 1985).  A

11  single 1985 case from a sister circuit hardly justifies Movants' claim of a lengthy

12  and common judicial practice.  Furthermore, aside from <u>Nestle Co.</u> not being the

13  law of the Ninth Circuit on the issue of vacatur, as discussed in the next paragraph,

14  the Second Circuit expressly has recognized that the holding of <u>Nestle Co.</u> was

15  overruled by the Supreme Court's decision in <u>Bancorp Mortgage Co. v. Bonner</u>

16  <u>Mall Partnership</u>, 513 U.S. 18, 27 (1994), making the proposition for which

17  Movants cite the case no longer good law.  <u>See</u> <u>Microsoft Corp. v. Bristol</u>

18  <u>Technology, Inc.</u>, 250 F.3d 152, 154-55 (2d Cir. 2001) (formulating a new

19  standard for vacatur, describing it as an "'extraordinary remedy' to be granted only

20  in 'exceptional circumstances'"); <u>see also</u> <u>In re Tamoxifen Antitrust Litigation</u>,

21  429 F.3d 370, 386-87 (2d Cir. 2005) (stating that <u>Nestle Co.</u> was overruled by

22  <u>Bancorp Mortgage Co.</u>).

23         The law in the Ninth Circuit regarding vacatur differs from that of the

24  Second Circuit, which fact Movants ignore in their motion.  The Ninth Circuit

25  balances the competing values of finality of judgment against the right to

26  relitigation of unreviewed disputes.  <u>See</u> <u>Nat'l Union Fire Ins. Co. v. Seafirst</u>

27  <u>Corp.</u>, 891 F.2d 762, 765-66 (9th Cir. 1989) (holding that the district court did not

28  abuse its discretion in denying the motion to vacate because of "third-party

- 2 -

1     interests and the possible, although uncertain status of any preclusive effect" of

2     the order).

3          After balancing the equitable considerations at issue in this motion, it is

4     clear that vacatur is inappropriate.

5          First, the Court considered all the arguments set forth in the movants'

6     motions to vacate in deciding the original jurisdictional motion.  After a careful

7     review of these arguments, the Court sees no reason, either legal or factual, to

8     question its earlier ruling.

9          Second, as Movants recognize, the precedential value of the Order is

10    insignificant because it is unpublished.  The finding of personal jurisdiction in the

11    Order was based on an analysis of the requirements of specific personal

12    jurisdiction, and thus related to whether the claims at issue in this case arose out of

13    or were related to the movant's forum-related activities.  Future plaintiffs suing

14    Movants will find little precedential value in the Order due to its limited

15    applicability to other disputes.  Only where Movants are being sued over the

16    patents at issue in this dispute will the Order be instructive, which fact, the Court

17    believes, weighs in favor of keeping the Order on the record.

18         Third, aside from arguing that the Order was incorrect, Movants fail to raise

19    any other equitable concerns with the Order that would warrant vacatur.  The facts

20    of this case are quite unlike the facts of Nestle Co.  In that case, the plaintiff

21    sought to vacate a judgment that found one of its trademarks invalid.  Nestle Co.,

22    756 F.2d at 281-82.  Due to a settlement of the dispute that occurred after the

23    invalidity ruling, the plaintiff did not have the opportunity to seek appellate review

24    of the finding of invalidity and consequently could have been estopped from

25    enforcing its trademark.  Id.  Under the more relaxed standard of Nestle Co., the

26    court found that potential for estoppel weighed in favor of vacatur of the invalidity

27    ruling.  Id.

28         And finally, the Court finds no reason to rewrite history when no law or

1   facts require such a result.  See In the Matter of Memorial Hospital of Iowa

2   County, Inc., 862 F.2d 1299, 1300 (7th Cir. 1988) (recognizing that in the Seventh

3   Circuit, motions to vacate an order of the district court are always denied because

4   "an opinion is a public act of the government, which may not be expunged by a

5   private agreement" and "[h]istory cannot be rewritten").  At the time the Order

6   was filed, personal jurisdiction over Movants existed in this district.

7           Movants also argue that Mr. Weinberger's due process rights were violated

8   by the Order because Alcatel Internetworking, Inc. ("Alcatel") "never submitted

9   any evidence . . . that Mr. Weinberger was in fact RTI's alter ego."  Motion to

10  Vacate p. 6.  This argument misses the importance of the posture of the original

11  motion and order thereon.  In a motion to dismiss, the Court must resolve any

12  contested factual issues in favor of the non-moving party.  See Electronics for

13  Imaging v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003).  In its complaint, Alcatel

14  alleged that Mr. Weinberger was the alter ego of RTI.  The Court accepted as true

15  this allegation for the purposes of the motion to dismiss for lack of personal

16  jurisdiction.  Although the Court recognized that Alcatel's allegations ultimately

17  may be incorrect, the settlement of this case precluded a resolution of this factual

18  dispute.  Therefore, Movants' argument that "Alcatel never submitted any

19  meaningful evidence to the Court to support" its allegation that Mr. Weinberger is

20  the alter ego of RTI is disingenuous at best.  No further evidence ever was

21  required.  Thus, the requirements of Local Rule 7-18(1), (2), and (3) are not met.

22          Movants' final argument, that there is no jurisdiction over Alcatel's

23  declaratory relief claims against RTI due to the settlement and RTI's promise

24  never to sue the Alcatel parties with regards to the patents at issue, is likewise

25  meritless.  This argument again misses the importance of the posture of the

26  original motion and order thereon.  When the Court decided the original motion,

27  jurisdiction was proper and adequately supported by the facts and the law.  The

28  Order was based on the facts and allegations as they existed at that time.  The

- 4 -

1 | parties' settlement of the dispute fails to justify reconsideration of the Order where
2 | the original basis of personal jurisdiction continues to exist, namely Movants'
3 | contacts with the forum.  The settlement may resolve the dispute between the
4 | parties but it cannot change history nor can it erase the parties' jurisdictional
5 | contacts.  No new material facts have come to light that would warrant
6 | reconsideration of the Order.  See Local Rule 7-18(2).

7 |      The motion is DENIED.  Movants already have wasted enough of the
8 | Court's time with their frivolous motions and may not file any other motions for
9 | reconsideration of this issue without leave of Court.  Movants' counsel is hereby
10 | warned that failure to follow this directive may result in the imposition of
11 | sanctions.

12 |
13 | IT IS SO ORDERED.
14 | IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United
15 | States mail or by telefax or by email, copies of this Order on counsel in this matter.

16 |
17 | Dated:    JUL - 7 2006

18 |
19 | _____
20 | EDWARD RAFEEDIE
Senior United States District Judge

- 5 -